**James P. SMYTH and Sheboygan County, Petitioners,**

v.

**UNITED STATES CIVIL SERVICE COMMISSION, Respondent.**

No. 65–C–333.

United States District Court
E. D. Wisconsin.

June 19, 1968.

———◆———

Alexander Hopp, Corp. Counsel, Sheboygan, Wis., for petitioners.

Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for respondent.

## DECISION ON MOTION

MYRON L. GORDON, District Judge.

Charged with a Hatch Act violation, Mr. Smyth seeks to have the case remanded to the U. S. Civil Service commission for the taking of additional testimony under 5 U.S.C. § 118k(c). The petitioners claim that the Commission erred in its conclusion as to the nature of Mr. Smyth's "principal employment". At the Commission hearings, Mr. Smyth declined to identify the food brokerage organization for whom he claimed to have acted as a consultant. Mr. Smyth urges that this omission resulted in the finding that his principal part time employment was within the provisions of the Hatch Act; he now seeks to cure the aforesaid omission.

For the court to grant the petitioners' motion, the statute requires a showing that the additional evidence "may materially affect the result" and that "there were reasonable grounds for failure to adduce such evidence in the hearings before the Commission". The petitioners meet the first standard but not the second.

Mr. Smyth was afforded ample opportunity to disclose his employer's name. He refused. The record at pages 72 through 74 establishes that the hearing examiner carefully explained the necessity for the disclosure. At page 74, the hearing examiner stated:

"* * * Your defense is that he was not principally employed for a given period of time as Civil Defense Director. Now, if you can establish that he was not principally employed for that period involved, why, it's a legal defense to the charges. It is not enough to say or state the conclusion that he was not principally employed as Civil Defense Director and that he was principally employed as a food broker or consultant without giving some underlying fact so that we can weigh or decide on how much weight

to give to the testimony of the witness."

Mr. Smyth now claims that he did not "identify by name his employer because he felt it was an invasion of his privacy and because it would violate a confidence which he felt was required by his consulting contract."

The identity of his employer was critical and, in that sense, the additional evidence could materially affect the result in this case. However, the court is not impressed with the reasons for Mr. Smyth's having failed to present such proof at the hearing. The reasons given do not constitute "reasonable grounds" under 5 U.S.C. § 118k(c).

For the foregoing reasons, it is hereby ordered that petitioners' motion for leave to adduce additional evidence upon remand to the U. S. Civil Service Commission be and hereby is denied.